# EXHIBIT "B"

PAGE 1/48 * RCVD AT 1/24/2022 5:26:34 PM [Eastern Standard Time] * SVR:MTLB38692/1 * DNIS:5143566878 * CSID:8198505174 * DURATION (mm-ss):17-58

Completed by the office of origin.
(À remplir par le bureau d'origine.)

| Item Description (Nature de l'envoi) | □ Registered (Envoi recommandé) | ☑ Letter (Lettre) | □ Printed Matter (Imprimé) | □ Other (Autre) | Express □ Mail International |

Office of Mailing (Bureau de dépôt)

TRANSPORT ROGER OUELLET, INC.
210 RUE ALBERT
GRANBY, PQ J2G7E3

□ Insured Parcel (Colis avec valeur déclarée)   Insured Value (Valeur déclarée) **None**

Article Number **RE505546732US**

Date of Posting (Date de dépôt) **Dec. 16, 2021**

Postmark of the office of destination / Timbre du bureau de destination

This receipt must be signed by: (1) the addressee, or, (2) a person authorized to sign under the regulations of the country of destination, or, (3) if those regulations so provide, by the employee of the office of destination. This signed form will be returned to be sender by this first mail.

Ce reçu doit être signé par: (1) le destinataire ou par une personne y autorisée en vertu des règlements du pays de destination, ou, si ces règlements le comportent, par l'agent du bureau de destination, et renvoyé par le premier courrier directement à l'expéditeur.

Completed at destination.
(À compléter à destination.)

□ The article mentioned above was duly delivered. (L'envoi mentionné ci-dessus a été dûment livré.)   Office of Destination Employee Signature (Signature de l'agent du bureau du destination)   Date

Signature of Addressee (Signature du destinataire)

PS Form **2865**, March 2007 (Reverse)   PSN 7530-01-000-9775





**Commonwealth of Kentucky**
**Office of the Secretary of State**

Summons Division
PO BOX 718
FRANKFORT, KY 40602-0718

Michael G. Adams
Secretary of State

December 16, 2021

TRANSPORT ROGER OUELLET, INC.
210 RUE ALBERT
GRANBY, PQ J2G7E3

FROM:   SUMMONS DIVISION
        SECRETARY OF STATE

RE:      CASE NO: 21-CI-00333

COURT:  Circuit Court Clerk
        Simpson County
        101 N. Court St.
        Franklin, KY 42134
        Phone: (270) 586-4241

Legal action has been filed against you in the captioned case. As provided under Kentucky law, the legal documents are enclosed.

## Questions regarding this action should be addressed to:

(1) **Your attorney, or**
(2) **The attorney filing this suit whose name should appear on the last page of the complaint, or**
(3) **The court or administrative agency in which the suit is filed at the clerk's number printed above.**

The Kentucky Secretary of State has NO POWER to make a legal disposition of this case. Your responsive pleadings should be filed with the clerk of the court or agency where the suit is filed and served directly on your opposing party.

No copy of future pleadings need be sent to this office unless you wish us to serve the pleading under a particular statute or rule and pay for said service.

Kentucky Secretary of State's Office          Summons Division          12/16/2021

| AOC-S-105   Sum Code: CI |  | Case Number **21-CI-00333** |
| Rev. 7-99 | | Court  CI |
| | | County  SIMPSON |
| **Commonwealth of Kentucky** | | |
| **Court of Justice** | | |
| **CR 4.02; Cr Official Form 1** | **Civil Summons** | |

*Plaintiff,* OVERSTREET, TREVA  VS. OUELLET, ROGER  , ET AL, *Defendant*

TRANSPORT ROGER OUELLET, INC,
210 RUE ALBERT
GRANBY, PQ J2G7E3

**The Commonwealth of Kentucky to the above-named Defendant(s):**

You are hereby notified that a legal action has been filed against you in this court demanding relief as shown on the document delivered to you with summons.  Unless a written defense is made by you or by an attorney on your behalf within twenty (20) days following the day this paper is delivered to you, judgment by default may be taken against you for the relief demanded in the attached complaint.

The name(s) and address(es) of the party or parties demanding such relief against you or his/her (their) attorney(s) are shown on the document delivered to you with this summons.

RECEIVED

DEC 1 3 2021

SECRETARY OF STATE
COMMONWEALTH OF KY

Circuit/District Clerk, BETH A. FISS

By _____ , DC

Date: 12/08/2021

| **Proof of Service** |
| [ ] This Summons was served by delivering a true copy and the Complaint (or other initiating document) |
| To: _____ |
| [ ] Not Served because: _____ |
| Date: _____ 2 _____          _____ Served by |

CI   21-CI-00333
OVERSTREET, TREVA  VS. OUELLET, ROGER  , ET AL



A COPY ATTEST.
BETH FISS, CLERK
SIMPSON CIRCUIT-DISTRICT COURT
ENTERED _____ 12-13-2021
BY: _____ D.C.

COMMONWEALTH OF KENTUCKY
SIMPSON CIRCUIT COURT
DIVISION ( )
CIVIL CASE NO. _21CI00333_
*ELECTRONICALLY FILED*

TREVA OVERSTREET                                                    PLAINTIFF

v.                        COMPLAINT AND DEMAND FOR JURY TRIAL

ROGER OUELLET
475 Rue Chateauguay Rd
Granby, PQ J2G 3R8

        SERVE: Kentucky Secretary of State

and

TRANSPORT ROGER OUELLET, INC.
210 Rue Albert
Granby, PQ J2G 7E3

        SERVE: Kentucky Secretary of State                          DEFENDANTS

*    *    *    *    *

Comes now the plaintiff, Treva D. Overstreet, by and through counsel, and for her first

cause of action against the defendants, Roger Ouellet and Transport Roger Ouellet, Inc., and in

support of the same, states as follows:

1.    The plaintiff, Treva D. Overstreet, is a resident of Kentucky.

2.    The defendant, Roger Oullet, is a resident of Grandby, Quebec, Canada.

3.    The defendant, Transport Roger Ouellet, Inc., was and remains registered with the

Federal Motor Carrier Safety Administration with a USDOT number of 1489133 with its principal

place of business in Granby, Quebec, Canada.

4.    The defendant, Roger Ouellet, was the employee, agent, servant, and/or statutory

employee for Defendant Transport Roger Ouellet, Inc., operating for the benefit of, in furtherance

1

of the interests of and/or within the course and scope of his employment with Defendant Transport Roger Ouellet, Inc. Accordingly, Defendant Transport Roger Ouellet, Inc. is vicariously liable for the acts of Defendant Roger Ouellet.

5.     As the actions complained of occurred within Simpson County and as the amount in controversy is in excess of the jurisdictional minimum, the Simpson Circuit Court has both proper jurisdiction and venue.

6.     On or about 06/26/2019, Treva Overstreet was traveling north along the right lane of Nashville Road in Franklin, Simpson County, Kentucky in a safe and prudent manner.

7.     At the same time, Transport Roger Ouellet, Inc.'s driver, Roger Ouellet, was driving a 2016 CC Conventional Freightliner in the same direction along North Nashville Road in the left lane.

8.     Roger Ouellet crossed into the right lane of Nashville Road into the path of Treva Overstreet's vehicle.

9.     Roger Ouellet's Freightliner smashed into Treva Overstreet's vehicle violating state and federal statutes, including but not limited to 49 CFR 390.9; 49 CFR 390.11; 49 CFR 391.11; 49 CFR 391.13; 49 CFR 392.1; and 49 CFR 392.2.

10.    Roger Ouellet was operating the 2016 Freightliner while ill or fatigued in violation of 49 CFR 392.3.

11.    Treva Overstreet attempted to avoid the crash, but was unable to avoid the crash.

12.    As a result of the crash, Treva Overstreet was injured.

13.    Treva Overstreet had the right-of-way and Roger Ouellet chose not to observe Treva Overstreet's superior right-of-way.

2

14.    Roger Ouellet owed a duty to Treva Overstreet to operate his vehicle in a careful manner and/or maintain control of his vehicle at all times, with regard for the safety and convenience of other vehicles upon the highway.

15.    Roger Ouellet breached his duties to exercise care toward Treva Overstreet and the traveling public.

16.    Roger Ouellet further violated state and federal statutes and regulations, including but not limited to KRS 189.090, KRS 189.290, KRS 189.380, KRS 189.390, KRS 189.080, 601 KAR 1:005 and 49 C.F.R. §§ 350-399, which were promulgated to protect the safety of a class of people that includes Overstreet, and constitutes negligence per se pursuant to KRS 446.070 and Kentucky case law.

17.    Defendant Transport Roger Ouellet, Inc. employed Roger Ouellet at the time of the crash.

18.    Roger Ouellet was acting on behalf of and/or in the best interest of Transport Roger Ouellet, Inc. and was in the course and scope of said employment when the crash occurred.

19.    As a result of their employment relationship, Transport Roger Ouellet, Inc. should be held vicariously liable for any and all damages Treva Overstreet sustained as a result of Roger Ouellet's negligent and/or reckless actions.

20.    Defendant Transport Roger Ouellet, Inc. had a duty to act reasonably in hiring, instructing, training, supervising and retaining its drivers and other employees and agents, including Defendant Ouellet, and to promulgate and enforce policies, procedures, and rules to ensure that its drivers and vehicles were reasonably safe.

21.    Defendant Transport Roger Ouellet, Inc. had a duty to exercise reasonable care in entrusting its vehicles and equipment to responsible, competent and qualified drivers.

3

22.     Defendant Transport Roger Ouellet, Inc. was negligent, careless and reckless with regard to the duties set forth in Paragraphs, 21-22, above, causing serious injury to Treva Overstreet.

23.     Defendant Transport Roger Ouellet, Inc. violated state and federal statutes and regulations, including but not limited to KRS 189.090, KRS 189.2224, 601 KAR 1:005 and 49 C.F.R. §§ 350-399, which were promulgated to protect the safety of a class of people that includes Overstreet, and constitutes negligence per se pursuant to KRS 446.070 and Kentucky case law.

24.     As a direct and proximate result of the negligence and negligence *per se* of the Defendants Transport Roger Ouellet, Inc. and/or Roger Ouellet, Plaintiff Treva Overstreet sustained temporary and permanent injuries to her body, causing great physical and mental pain and anguish,  including the loss of enjoyment of life, and she will continue to suffer such damages in the future; that she has incurred large sums of money for medical expenses in treatment of said injuries and will be required to incur large sums of money for medical expenses in the future; and that she has lost wages and that her ability to earn wages in the future is impaired due to her injuries being permanent. Additionally, she has suffered negligent infliction of emotional distress and/or severe emotional distress.

25.     Defendant Transport Roger Ouellet, Inc. and/or Roger Ouellet, acted recklessly, wantonly and/or with extreme indifference or reckless disregard for the consequences of their actions as well as exhibiting a reckless disregard for the life, safety and health of others, including Overstreet, warranting the imposition of punitive damages pursuant to KRS 411.184 and 411.186.

26. Furthermore, punitive damages are supported by Kentucky's declaration that tractor trailers endanger the lives and safety of the traveling public, which includes Overstreet, pursuant to KRS 189.670, which states:

4

It is hereby declared to be the public policy of this state that heavy motor trucks, alone or in combination with other vehicles, increase the cost of highway construction and maintenance, interfere with and limit the use of highways for normal traffic thereon, and endanger the safety and lives of the traveling public, and that the regulations embodied in this chapter with respect to motor trucks, semitrailer trucks and semitrailers are necessary to achieve economy in highway costs, and to permit the highways to be used freely and safely by the traveling public.

**WHEREFORE**, the Plaintiff prays for the following:

1.    Judgment against Defendants, Transport Roger Ouellet, Inc. and Roger Ouellet, for a fair and reasonable amount in compensatory damages;

2.    Judgment against Defendants, Transport Roger Ouellet, Inc. and Roger Ouellet, for a fair and reasonable amount in non-apportioned punitive damages;

3.    A trial by jury;

4.    Post-judgment interest;

5.    Costs herein expended; and

6.    Any and all other relief to which the Plaintiff may appear entitled.

Respectfully submitted,

**DIXIE LAW GROUP, PSC**

/s/ John M. Ritter

Justin B. May, Esq.
John M. Ritter, Esq.
4919 Dixie Highway
Suite B
Louisville, KY 40216
jmay@dixielawgroup.com
jritter@dixielawgroup.com
(502) 290-2397 - Telephone
(502) 449-9774 - Fax
*Counsel for Plaintiff*

5

**COMMONWEALTH OF KENTUCKY**
**SIMPSON CIRCUIT COURT**
DIVISION ( ) _____
CIVIL CASE NO. _____
*ELECTRONICALLY FILED*

**TREVA OVERSTREET**                                                      **PLAINTIFF**

v.      <u>**PLAINTIFF'S FIRST SET OF INTERROGATORIES, REQUESTS**</u>
<u>**FOR PRODUCTION, AND REQUESTS FOR ADMISSION TO**</u>
<u>**DEFENDANT ROGER OUELLET**</u>

**ROGER OUELLET**

**and**

**TRANSPORT ROGER OUELLET, INC.**                            **DEFENDANTS**

\* \* \* \* \*

Pursuant to Rules 33 and 34 of the Kentucky Rules of Civil Procedure, Plaintiff, Treva

Overstreet, by counsel, directs Defendant, Roger Ouellet, to answer the following Interrogatories,

Requests for Production of Documents, and Requests for Admission under oath and in writing,

within forty-five (45) days from service hereof or under such time as provided under the Kentucky

Civil Rules. In accordance with CR 34, Defendant is requested to produce the documents requested

herein for inspection and copying at the offices of Plaintiff's counsel at 4919 Dixie Highway, Suite

B, Louisville, KY 40216 or otherwise to provide copies of such documents within the timeframe

identified above. Such responses shall be provided in accord with the Kentucky Civil Rules and

Definitions and Instructions attached and Exhibit A, and should be verified pursuant to the form

attached hereto.

1

## FIRST SET OF INTERROGATORIES

**INTERROGATORY NO. 1:** Provide the following information for yourself: full legal name, any aliases or other names you have used or been known by within the past ten (10) years, social security number, date of birth, marital status, address of residence for the past ten years in reverse chronological order, employer, current business address, job title, and rate of pay.

**ANSWER:**

**INTERROGATORY NO. 2:** State the names of all individuals with whom you resided on the date of the 06/26/2019 wreck and your relationship with each individual.

**ANSWER:**

**INTERROGATORY NO. 3:** Provide a list of all vehicles owned by members of your household on the date of the 06/26/2019 wreck, indicate the owner of each vehicle, and identify any and all insurance policies insuring each vehicle.

**ANSWER:**

**INTERROGATORY NO. 4:** Describe in as much detail as possible your version of how the Collision occurred and identify the individuals and sources of information you are relying upon to support your description below. This would include the following:

    a.   Step by step description of the occurrence of the wreck;

    b.   Your observations of your surroundings before, during and after the wreck, and your activities before, during and after the wreck;

    c.   The length of time that elapsed between the various events described;

    d.   The weather, lighting, and traffic conditions at the time and location;

    e.   The location of your hands on the steering wheel prior to the wreck;

    f.   The location your head and eyes were facing in the minute leading up to the wreck;

2

g. Whether you were speaking or talking to anyone in the vehicle at the time of the wreck, and if so, who;

h. The exact location of the vehicles involved in the wreck immediately after its occurrence;

i. Whether any of the vehicles involved in the wreck were moved prior to the arrival of the investigating police officer(s) and, if so, which vehicles;

j. The identity (including name, phone number, address, and email address) and location of all occupants of the vehicle driven by yourself at the time of the collision, and what each occupant was doing in the minute leading up to the collision; and

k. Whether you were wearing glasses or contact lenses, or other visual aids.

**ANSWER:**

**INTERROGATORY NO. 5:** Please give a detailed description of any and all conversations that you were a party to or overheard at the scene of the wreck either at the time thereof or at this location up to the point that you departed the scene for good. In addition, please identify any and all such individuals who were parties to any such conversations.

**ANSWER:**

**INTERROGATORY NO. 6:** List all the conditions that may have caused or contributed to the wreck that is the subject matter of this lawsuit. If you claim any medical condition or defect in the vehicle which you were operating at the time of the collision with the Plaintiff played any part in the collision, please state the following:

a. What physical or mental condition contributed to causing the vehicle which you were operating to collide with the vehicle driven by the Plaintiff.

b. What mechanical defect in the vehicle you were operating contributed to the collision with the Plaintiff's vehicle.

**ANSWER:**

3

**INTERROGATORY NO. 7:** If you claim Plaintiff caused or contributed to the wreck, describe in detail the actions of Plaintiff that may have caused your vehicle to come in contact with the Plaintiff.

**ANSWER:**

**INTERROGATORY NO. 8:** Describe in detail your activities and whereabouts for the 24 hours prior to the time of the collision, including each activity, each location you visited, the individuals who were present with you during that period and the times that they were present with you, and identify where you intended to go when you were operating the 2016 Freightliner vehicle on Nashville Road in Simpson County, Kentucky at the time of the collision.

**ANSWER:**

**INTERROGATORY NO. 9:** Please state whether You owned or possessed any mobile devices on 06/26/2019, including a mobile phone, PDA, pager, blackberry, tablet or any other mobile device that uses a cellular data network, and if so, for each one please state:

    a.  The type and brand of mobile device;

    b.  The name of the cellular data carrier company providing service for that device;

    c.  The cellular data telephone number associated with the device;

    d.  The name or person or entity who is billed for the cellular data service for the device;

    e.  The current location of the mobile device; and

    f.  Describe the steps that you took to preserve the contents of such device.

**ANSWER:**

**INTERROGATORY NO. 10:** Please state the last time you made/received a call or sent/received a text message prior to the collision on 06/26/2019 and state the name of the person with whom you spoke and/or corresponded by text message.

4

**ANSWER:**

**INTERROGATORY NO. 11:** Had you taken any prescription medication, drug, or consumed any alcohol, on the day of the wreck? If so, identify the substance consumed, the quantity, and the time it was consumed.

**ANSWER:**

**INTERROGATORY NO. 12:** Did you ever admit fault for the wreck to any person? If so, identify the person(s) to whom this admission was made. Include in your answer their name, address, phone number, approximate age, and the circumstances under which you made the admission.

**ANSWER:**

**INTERROGATORY NO. 13:** Did you seek medical attention as a result of the wreck that is the subject matter of this lawsuit? If so, state your injury and identify each medical provider you saw for treatment of said injury and each facility where you sought such treatment, including their name, location, dates of treatment, any diagnoses, and whether you are still treating with them.

**ANSWER:**

**INTERROGATORY NO. 14:** List the amount of damage sustained by the vehicle which you were operating as a result of the crash which is the subject matter of this lawsuit, whether the vehicle is in its original condition or was repaired, and where the vehicle is currently located and stored. If a repair was made, please provide in your answer:

    a.    Who performed the estimate;

    b.    Who repaired the vehicle;

    c.    Whether pictures exist which would show the damage to the vehicle.

**ANSWER:**

5

**INTERROGATORY NO. 15**: Identify all persons known to you or believed by you or your counsel to have knowledge of any relevant facts or circumstances concerning the transactions, events, or injuries at issue in this litigation, including a summary of what each person knows. This would include anyone who claims to have witnessed the Collision. For each such person, provide their full name, current address, telephone number, employer, and office or position

**ANSWER:**

**INTERROGATORY NO. 16:** Please state whether You, your attorney, a person from any insurance company that may provide coverage for this incident, or any other person acting on your behalf has communicated with any person regarding any of the events or occurrences referred to in the Complaint, and if so, please state:

    a.   The name of the person acting on your behalf

    b.   The name of the witness with whom they communicated

    c.   The date of the communication

    d.   Whether the communication was recorded

    e.   If there is a transcript of the recorded communication.

**ANSWER:**

**INTERROGATORY NO. 17:** Please state all policies of insurance that may provide coverage for any losses or damages against you caused by the motor vehicle collision of 06/26/2019 that is the subject matter of this litigation, including self-retained, self-insured, excess, umbrella, and any other policies insuring the 2016 Freightliner, trailer, and all such policies for any members of the households where you reside. For each such policy state:

    a.   The name of the insurance company

    b.   The policy number

6

    c.  The limits of coverage set forth in the declaration page

    d.  The policy period

    e.  The name of the person or entity that paid the premiums for the policy

**ANSWER:**

**INTERROGATORY NO. 18:** Have you ever pleaded guilty to or been convicted of any crime, including traffic violations? If so, state:

    a.    The nature of the offense;

    b.    The date;

    c.    The county and state in which you were convicted; and

    d.    The sentence given to you.

**ANSWER**:

**INTERROGATORY NO. 19:** Have you ever had a license to operate a motor vehicle suspended or revoked? If so, state:

    a.    When and where it was suspended or revoked;

    b.    The period of such suspension or revocation;

    c.    The reasons for such suspension or revocation; and

    d.    Was such suspension or revocation lifted?

**ANSWER**:

**INTERROGATORY NO. 20:** List how many traffic wrecks you have ever been involved in. Include in your answer the approximate date of the wreck, whether you were driving or a passenger, and whether you were at fault. If you were not at fault, explain in detail who the at-fault driver was, including their name, address, and telephone number.

**ANSWER:**

7

**INTERROGATORY NO. 21:** List all lawsuits where you have been a party. In your answer, describe in detail the type of lawsuit, state whether you were the Plaintiff or Defendant, what relief was claimed, whether you ever gave testimony in the case, and the final resolution of the case (include in your answer whether you received any compensation or otherwise received the relief you requested).

**ANSWER:**

**INTERROGATORY NO. 22:** For each job you have held for the past four years, please state:

    a.  Name of the employer

    b.  Name of supervisor

    c.  Address of employer

    d.  Job title and description

    e.  Dates employed

    f.  Hours worked per week

**ANSWER:**

**INTERROGATORY NO. 23:** Identify each social media website or platform used by you as of 06/26/2019 to the Present, including the following for each such social media platform:

    a.  The name of the social media platform or website;

    b.  Your user name on such platform or website;

    c.  The date you began using such platform;

    d.  Each date you posted a comment, photo, statement, forward, repost or other information concerning the Collision, the contents of such post, and the recipients of such post;

    e.  The identity of each person to whom such statements were made or directed, or who commented on such statements; and

8

f.   The date such statements were made.

**ANSWER:**

**INTERROGATORY NO. 24:** Have you entered into any settlements, agreements pay compensation of any kind, or signed any written document which would evidence an agreement with any of the Parties in this action? If so, set out the agreement or settlement in complete detail and produce a copy and attach to your answers hereto.

**ANSWER:**

**INTERROGATORY NO. 25:** Have you or has anyone else to your knowledge performed any type of surveillance on the Plaintiff? If so, as to each surveillance, state the person or persons who conducted the surveillance, the date, time, and place of each surveillance, whether any photographs or videotapes were conducted or taken during the surveillance, the location of any such photographs, videotapes, and reports or other documents that were created or made as a result of any surveillance.

**ANSWER:**

**INTERROGATORY NO. 26:** List each and every non-expert who You anticipate will testify on Your behalf in a trial of this matter. In your response, identify the person's full name, home address, employer, employer's address, and the expected testimony of each person identified.

**ANSWER:**

**INTERROGATORY NO. 27:** Identify each expert witness You intend to call at the trial of this action. In your response, provide all information required by Kentucky Civil Rule 26.02(4), including the qualifications of each expert identified and any opinions each may have, specifically:

a.   State the subject matter upon which he or she is expected to testify;

b.   State the substance of the facts and opinions to which he or she is expected to testify;

c.   Summarize the grounds of each such opinion of each expert, including all facts, documents,

9

tests, analyses, or any other information relied upon by the expert to support the expert's opinion;

d.  Identify all materials reviewed by or furnished to each expert for review, and all materials furnished by your expert to you concerning this matter;

e.  Identify any tests or examinations performed by each expert;

f.  Identify each book, journal, articles, treatises or other writing or publications which the Defendant or his/her expert witnesses intend to rely upon at the trial of this case, or which you or your expert witness will ask to read to the jury, introduce at trial, rely upon and/or in support of their opinions and defenses in this case.

g.  Identify any reports prepared by each expert;

h.  Identify all publications, treaties, texts, periodicals or pamphlets which You or Your expert will maintain are reliable authorities on any issue of liability or damages in this case;

i.  Identify all professional or trade associations to which each expert belongs, any offices held in each, and the dates thereof;

j.  State the title and subject matter and identify the publisher and date of publication of any books, papers, or articles written by each expert;

k.  Identify any licenses and the dates of their conference that are held by each expert;

l.  Identify the professional experience and qualifications of each expert to provide such expert testimony;

m.  Identify the compensation to be received by each expert for work and effort in connection with this action; and

n.  Identify the total compensation You and/or Your attorneys have paid such expert for any services rendered during the past ten years, broken down by year.

**ANSWER:**

**INTERROGATORY NO. 28:** List each and every exhibit which You intend to use in the trial

of this action, as well as each and every item of demonstrative evidence which you intend to use

for illustrative purposes.

**ANSWER:**

10

**INTERROGATORY NO. 29:** Identify the custodian(s) of any and all documents responsive to Plaintiff's Requests for Production below. In your answer identify the custodian(s) name, address, job title, and employer.

**ANSWER:**

**INTERROGATORY NO. 30:** State whether you agree to supplement these responses if information subsequently becomes available that alters, amends, expands upon, supplements or contradicts information you have previously submitted.

**ANSWER:**

**INTERROGATORY NO. 31:** Give the names and addresses of any and all persons assisting or participating in any way in the answering of these interrogatories.

**ANSWER:**


## FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS

**REQUEST NO. 1:** Produce all photographs, videos, motion pictures, maps, drawings, diagrams, measurements, surveys or other descriptions concerning the events and happenings alleged in the complaint, the scene of the collision, the damage to the vehicles involved, or the areas or persons involved, and documents sufficient to show the date, time, author and custodian of such documents.

**RESPONSE:**

**REQUEST NO. 2:** Produce complete copies of your billing and usage statement for any and all cellular telephones and any other mobile devices in your possession, or that were used by you, during the month of 06/26/2019.

**RESPONSE:**

11

**REQUEST NO. 3:** Produce any and all statements, written or verbal recorded interviews, letters, or reports of any kind that you, or anyone acting on your behalf, obtained from the Plaintiff.

**RESPONSE:**

**REQUEST NO. 4:** Produce a copy of any insurance policy(ies), umbrella policy(ies) and declaration sheets under which any person, partnership or corporation carrying on an insurance business may be liable to satisfy part or all of any judgment which may be entered against any Defendant in this lawsuit or to indemnify or reimburse any Defendant for payments made to satisfy any judgment which may be entered against such Defendant.

**RESPONSE:**

**REQUEST NO. 5:** Produce a color copy of the front and back of your driver's license that was effective as of the date of the collision.

**RESPONSE:**

**REQUEST NO. 6:** Produce your medical records from all medical facilities where you received treatment subsequent to the collision for injuries allegedly sustained in the Collision, including the results of any tests performed by such facilities to test for alcohol, drugs, or prescription medications that were taken following the collision.

**RESPONSE:**

**REQUEST NO. 7:** Produce any and all medical, credit, criminal, or any information whatsoever requested, ordered and/or received from any computer information center or any source whatsoever regarding the Plaintiff.

**RESPONSE:**

**REQUEST NO. 8:** Produce all social media documents that you either posted or that were provided and made available to you concerning the collision or the Plaintiff.

12

**RESPONSE:**

## FIRST SET OF REQUESTS FOR ADMISSION

**ADMISSION NO. 1:** Admit that you were operating a 2016 Freightliner on or about 06/26/2019 on Nashville Road in Simpson County, Kentucky.

**RESPONSE:**

**ADMISSION NO. 2:** Admit that on or about 06/26/2019, on Nashville Road in Simpson County, Kentucky, you failed to maintain reasonable control of the 2016 Freightliner.

**RESPONSE:**

**ADMISSION NO. 3:** Admit that on or about 06/26/2019, on Nashville Road in Simpson County, Kentucky, you failed to exercise ordinary care generally to avoid collision with other persons or vehicles using the roadway.

**RESPONSE:**

**ADMISSION NO. 4:** Admit that on or about 06/26/2019, on Nashville Road in Simpson County, Kentucky, Plaintiff has incurred charges in excess of $1,000.00 for reasonably needed products, services and accommodations, including those for medical care and physical rehabilitation.

**RESPONSE:**

**ADMISSION NO. 5:** Admit that on or about 06/26/2019, the vehicle you were driving collided with another vehicle.

**RESPONSE:**

**ADMISSION NO. 6:** Admit that on or about 06/26/2019, on Nashville Road in Simpson County, Kentucky, some part of you were inattentive.

**RESPONSE:**

**ADMISSION NO. 7:** Admit that you caused the Collision.

13

**RESPONSE:**

Respectfully submitted,

**DIXIE LAW GROUP, PSC**

/s/ John M. Ritter

---

Justin B. May, Esq.
John M. Ritter, Esq.
4919 Dixie Highway
Suite B
Louisville, KY 40216
jmay@dixielawgroup.com
jritter@dixielawgroup.com
(502) 290-2397 - Telephone
(502) 449-9774 - Fax
*Counsel for Plaintiff*

14

**EXHIBIT A**

**INSTRUCTIONS AND DEFINITIONS**

A. "Plaintiff" as used herein refers to Plaintiff Treva Overstreet.

B. The term "Collision" is used to designate that event or events which the Plaintiff alleges occurred and which the Plaintiff claims gave rise to the claim in this lawsuit against the Defendant, specifically the motor vehicle collision occurring on or about 06/26/2019, on Nashville Road in Simpson County, Kentucky.

C. "You" or "Your" shall refer to Defendant Ouellet and all of respective agents, representatives, assigns, or anyone acting on Defendant Ouellet's behalf, including all lawyers, investigators, insurance companies, or other such parties.

D. As used herein, a request to "identify" a writing or document shall be deemed as a request to furnish a description of the document, including its subject matter, the names of the parties who prepared and received it, its date, and any identifying number or code, and to furnish the name of the present custodian of the document. In lieu of identifying a document in the detail requested, a copy of the document may be attached to the answers of these Interrogatories, provided that any of the aforementioned identifying information not appearing of the face of the document is specifically stated in the answers.

E. As used herein, a request to "identify" a natural person shall be deemed as a request for that person's name, current resident address and telephone number, and the name, current resident address and telephone number of that person's current employer or business if known.

15

F. As described herein, the term "describe in detail" means describe fully by reference to the underlying facts and particularize as to date, place and the identity of the persons involved.

G. All information is to be divulged in writing, under oath, which is in your possession or control, or within the possession or control of your attorney, investigators, agents, employees, or other representatives of you or your attorney or insurance company.

H. You are reminded that all answers must be made separately and fully and that an incomplete or evasive answer is tantamount to a failure to answer.

I. You are under a continuing duty to seasonably supplement your responses with respect to any question directly addressed to you, and to correct any responses which you know or later learn is incorrect.

J. The term "document" or "documents" as hereinafter used in these interrogatories is meant to coincide with the use of that term in Rule 34.01 of the Kentucky Rules of Civil Procedures for the Superior Court, State of Kentucky, and is intended to include all written or graphic material, however produced or reproduced, of every kind and description, including, but not limited to, the original and any copy, regardless of origin or location, of any applications, resumes, job postings, contracts, leases, agreements, checks checkbooks, check stubs, check statements, bank statements, deposit slips, journals, general and subsidiary ledgers, other types of ledgers, accounts, bills, promissory notes, invoices, punch cards, purchase orders, acknowledgments, authorizations, sales slips, receipts, shipping papers, letters or other forms of correspondence, envelopes, folders or similar containers, communications, studies, summaries, minutes, minute books, agenda, bulletins, notices, announcements, proofs, sheets instructions, manuals, lists, visitor's log, schedules, price list, telegraphs, sketches, plan, specifications diagrams, drafts, records, formal records, desk calendars, notebooks,

16

diaries, registers, appointment books, budgets, analyses, projections, minutes or meetings, conferences or discussions of any kind, tax returns, books, pamphlets, periodicals, letters, memoranda, email, reports, records, studies, notes (whether typewritten, handwritten or otherwise), maps, drawings, working papers, papers, graphs, indexes, tapes, data sheets, computer print-outs, any other printout sheets, intranet, photographs, movies or any other printed, written, electronic, computer-generated, computer-stored, recorded, transcribed, filmed, photographic or graphic matter, however produced or reproduced or stored, to which you have or have had any access. This includes hard copies and electronically stored information.

K. If no printout exists of a computer record which contains any of the information requested in these Interrogatories or Requests for Production, you are requested to print out the computer record and produce the hard copy.

L. You are instructed to produce electronic documents and records (including emails or other computer files) in native format, or in a format that is text-searchable that is agreed upon by the parties prior to Your production of such materials. If no format is agreed upon, you are instructed to produce documents as text-searchable multi-page pdf files.

M. You are instructed to produce native files for any spreadsheet responsive to these Requests, including any excel spreadsheets.

N. These Requests shall be deemed continuing, and knowledge of the attorneys for You or any of Your agents or employees shall be deemed to be the knowledge of Defendant. Anything coming to Your knowledge after filing answers to these Requests which would change Your original answers should be contained in a supplemental Answer and served upon Plaintiff's attorney immediately after the same is brought to your attention.

17

Case 1:22-cv-00018-GNS   Document 1-2   Filed 02/22/22   Page 28 of 49 PageID #: 36

O. Objections to any of these Requests should be explained with particularity, and all factual and legal reasons supporting the objections are to be listed. If you object to answering any part of any interrogatory, specify the part to which you object, and answer the remainder.

P. If any document is withheld under a claim of privilege, furnish a list which identifies each document for which a privilege is claimed, including the following information:

    a. The date of the document;

    b. The sender;

    c. The recipient;

    d. The person to whom copies were furnished along with his or her job title;

    e. The subject matter of the document;

    f. The basis upon which the privilege is claimed; and

    g. The paragraph of these Interrogatories to which said documents respond.

## VERIFICATION

Comes now the Defendant, Roger Ouellet, and states that the information provided in his Answers to the Plaintiff's First Set of Interrogatories, Request for Production, and Request for Admission is true to the best of his knowledge and belief.


_____
Roger Ouellet


STATE OF KENTUCKY

COUNTY OF _____

    SUBSCRIBED, SWORN TO AND ACKNOWLEDGED before me by the said _____this _____ day of _____, 20____.


_____
NOTARY PUBLIC - State at Large

My Commission Expires: _____


19

## CERTIFICATE OF SERVICE

I hereby certify that the foregoing Plaintiff's First Set of Interrogatories, Requests for Production of Documents, and Requests for Admission to Defendant Efrem Berhe was electronically filed for service with the Complaint in this action.

/s/ John M. Ritter
John M. Ritter

20

**COMMONWEALTH OF KENTUCKY**
**SIMPSON CIRCUIT COURT**
DIVISION ( ) _____
CIVIL CASE NO. _____
*ELECTRONICALLY FILED*

**TREVA OVERSTREET**                                                    **PLAINTIFF**

**v.**       **PLAINTIFF'S FIRST SET OF INTERROGATORIES AND**
**REQUESTS FOR PRODUCTION TO DEFENDANT TRANSPORT**
**ROGER OUELLET, INC.**

**ROGER OUELLET**

**and**

**TRANSPORT ROGER OUELLET, INC.**                          **DEFENDANTS**

*   *   *   *   *

Pursuant to Rules 33 and 34 of the Kentucky Rules of Civil Procedure, Plaintiff, Treva

Overstreet, by counsel, directs Defendant, Transport Roger Ouellet, Inc., to answer the following

Interrogatories, Requests for Production of Documents, and Requests for Admission under oath

and in writing, within forty-five (45) days from service hereof or under such time as provided

under the Kentucky Civil Rules. In accordance with CR 34, Defendant is requested to produce

the documents requested herein for inspection and copying at the offices of Plaintiffs' counsel at

4919 Dixie Highway, Suite B, Louisville, KY 40216 or otherwise to provide copies of such

documents within the timeframe identified above. Such responses shall be provided in accord

with the Kentucky Civil Rules and Definitions and Instructions attached and Exhibit A, and

should be verified pursuant to the form attached hereto.

1

## FIRST SET OF INTERROGATORIES

**INTERROGATORY NO. 1:** Provide the full name, home phone number, office phone number, and place of employment for each and every person, firm, or entity who answered or assisted in answering these interrogatories.

**ANSWER:**

**INTERROGATORY NO. 2:** Does any primary and/or excess insurance agreement or bond exist under the terms of which the person or company issuing the same may be called upon to satisfy all or part of any judgment which may be entered in favor of the Plaintiff in this action?

(a) If such an insurance agreement or bond does exist, what are the limits of liability contained in the terms of each such agreement?

(b) If such an agreement or bond does exist, what are the legal names of each and every party to each agreement itself and to any further or subordinate agreement which in any way relate to the terms of any such agreement?

(c) What is the amount of any deductible or self-insured retention as to each such agreement?

**ANSWER:**

**INTERROGATORY NO. 3:** If you or anyone on your behalf obtained statements **in any form** from any person regarding the present collision, the Plaintiff and/or their past medical care, including statements by the Plaintiff, state with respect to each such statement:

(a) the name and address of the person(s) to whom such statement was made;

(b) the date the statement was made;

(c) the form of the statement;

2

Case 1:22-cv-00018-GNS   Document 1-2   Filed 02/22/22   Page 33 of 49 PageID #: 41

(d) if the statement was written, whether it was signed; and

(e) the names and addresses of all persons presently having custody of the statement.

**ANSWER:**

**INTERROGATORY NO. 4:**  Do you, your attorneys, your insurance carriers or anyone acting on your behalf or their behalf have or know of any photographs, motion pictures, maps, plats, drawings, diagrams, videotapes, or other tangible or documentary evidence concerning any of the events, happenings, scene of the wreck, or the condition of any vehicle (or any part thereof) involved in the wreck either before or after the event alleged in this action? If so, please identify:

(a) each Tangible items specific subject matter;

(b) the date it was made or taken;

(c) the name and address of the person making or taking it;

(d) what each item purports to show, illustrate or represent; and

(e) The name and address of each person having custody of such item or items.

**ANSWER:**

**INTERROGATORY NO. 5:** State the name, address, occupational title, and present whereabouts of each person whom you expect to call as an expert witness at the trial of this case, and with respect thereto state the following:

(a) The subject matter on which the expert is expected to testify;

(b) The substance of the facts and opinions to which the expert is expected to testify;

(c) A summary of the grounds for each opinion to which the expert is expected to testify; and

(d) whether any reports or other written materials or letters have been generated by such expert for this case.

3

**ANSWER:**

**INTERROGATORY NO. 6:** Only if you allege any defense to this action based on jurisdiction, venue, issuance of process, process itself, or service of process, as to each such defense, please state:

> (a) each and every fact upon which you rely in asserting such defense;

> (b) provide a complete description of all documents which you contend support the assertions of the said defense;

> (c) the name and address of all persons having custody and control of the documents described in (b) above; and

> (d) please provide the full and complete legal addresses of this defendant's registered office an agent.

**ANSWER:**

**INTERROGATORY NO. 7:** If you contend that any person, firm, or entity caused or contributed to the injuries to the Plaintiff, identify by name, address, job title, and employer all such persons, firms or entities and state the reasons for your contentions.

**ANSWER:**

**INTERROGATORY NO. 8:** Please explain the nature of the employment relationship between you and your driver on the day of the wreck (lease operator, company driver, temporary driver, owner-operator, etc.) and include the date the relationship began, the dated terminated, and, if applicable, the person from your company involved in any such termination.

**ANSWER:**

**INTERROGATORY NO. 9:** State the name and address for your Safety Director, Federal Safety Regulation Compliance Officer, driver's Terminal Manager, and the drivers Dispatcher, for your

4

Case 1:22-cv-00018-GNS   Document 1-2   Filed 02/22/22   Page 35 of 49 PageID #: 43

organization, who were in the positions named above during any portion of your drivers trip which ultimately involved the wreck referenced in the Complaint.

**ANSWER:**

**INTERROGATORY NO. 10:**  Please state the name, address, home phone number, office phone number, and address of employment for each and every person, firm, or entity who:

    (a) witnessed the wreck described in the complaints;

    (b) arrived at the scene of the wreck within two (2) hours after it occurred;

    (c) has or who claims to have knowledge of liability in this action; and

    (d) has or who claims to have knowledge of damages in this action.

**ANSWER:**

**INTERROGATORY NO. 11:** As to the driver (your driver) of your vehicle being operated at the time of the wreck, please state:

    (a) The driver's complete name;

    (b) the drivers present home address;

    (c) the driver's Social Security number, date of birth, driver's license numbers, the names of the states issuing said licenses;

    (d) and such drivers mode of compensation.

**ANSWER:**

**INTERROGATORY NO. 12:** As to the vehicle involved in the wreck which your driver was operating, please state:

    (a) each manufacturer, make, model number, and year;

    (b) the vehicle's length and width thereof at the longest and widest portions, respectively;

    (c) the weight of the vehicle empty , it's carrying capacity, and the gross vehicular weight;

5

(d) the name of the entity to whom the vehicle is titled;

(e) the total gross weight of the vehicle at the time of the wreck.

**ANSWER:**

**INTERROGATORY NO. 13:** Please state whether your vehicle contained or utilized an on-board recording device, an on-board computer, tachograph, trip monitor, trip recorder, trip master, or device known by any other name which records information concerning the operation of the truck? If so, please state the name and address of the person having custody of the graphs, printouts, raw data, and/or other documentary evidence produced or capable of being produced by said machine regarding any data for any and all parts of the trip which ultimately was involved in the wreck which forms the basis of Plaintiff's Complaint.

**ANSWER:**

**INTERROGATORY NO. 14:** Were any tests (blood, urine, or other) performed on your driver by you, pursuant to state or federal regulation or your own safety policies, at any time during the period commencing 45 days prior to the wreck through and including 45 days after the wreck? If so, please state the results of all such tests and the name, address, and phone number of the persons, firms, or entities who administered said test and all such persons, firms, or entities who are in possession of a copy of the results of said tests.

**ANSWER:**

**INTERROGATORY NO. 15:** At the time of the wreck, did you have any policy or procedure manuals pertaining to the operation of a vehicle such as driver's manuals, company rules, or other tangible materials by whatever name? If so, provide the name of each such manual.

**ANSWER:**

6

**INTERROGATORY NO. 16:** Please state the name, address and telephone number of each person who has a copy of any of your driver's Daily Driver Logs for the period commencing 6 months prior to the present collision, up to and including the day of the collision.

**ANSWER:**

**INTERROGATORY NO. 17:** Describe in detail the initial and continuing training requirements for your drivers as of the date of the present collision.

**ANSWER:**

**INTERROGATORY NO. 18:** Describe in detail your drug and alcohol programs including, without limitation, your random drug testing program.

**ANSWER:**

**INTERROGATORY NO. 19:** Please state the date of each and every review by federal, state and/or other entities during the last 10 years, and state the results of each such review.

**ANSWER:**

**INTERROGATORY NO. 20:** State the manner in which your driver, his dispatcher and his terminal manager were compensated as of the date of the present collision, including without limitation any pay or bonus which was based on miles driven or other productivity indices.

**ANSWER:**

### REQUESTS FOR PRODUCTION OF DOCUMENTS

**REQUEST NO. 1:** Copies of any incident or accident reports, prepared by any person or entity, pertaining to the wreck described in the Complaint.

**RESPONSE:**

**REQUEST NO. 2:** A copy of the MC-50 B or T prepared as a result of this wreck.

**RESPONSE:**

7

**REQUEST NO. 3:** Repair estimates for damages to your vehicle which was involved in this wreck.

**RESPONSE:**

**REQUEST NO. 4:** A copy of all of your driver's driving licenses in effect on the date of this wreck.

**RESPONSE:**

**REQUEST NO. 5:** A copy of the "accord" statement you filed with any insurance carrier to advise them of the wreck described in the Complaint, any claim for property damage, or for any other claims involved herein.

**RESPONSE:**

**REQUEST NO. 6:** A copy of the current curriculum vitae of any/all experts you intend or expect to call at the trial of this case.

**RESPONSE:**

**REQUEST NO. 7:** Copies of any photos, still or motion picture, plans, maps, drawings, blueprints, sketches, diagrams, computer simulations or any other demonstrative evidence relevant to this wreck, including without limitation, pictures of the vehicles involved in the present collision and the area of the collision.

**RESPONSE:**

**REQUEST NO. 8:** Your driver's complete application for employment, including but not limited to the application required under Federal Motor Carrier Safety Regulations of the U.S. Department of Transportation, Part 391.21.

**RESPONSE:**

8

**REQUEST NO. 9:**  Any and all personnel, DOT, training, human resource, risk management, safety and all other files concerning your driver.

**RESPONSE:**

**REQUEST NO. 10:** Your driver's qualification file, including but not limited to the file required under Federal Motor Carrier Safety Regulations of the U.S. Department of Transportation, Part 391.51.

**RESPONSE:**

**REQUEST NO. 11:** Copies of all MVR's reflecting your driver's past driving record.

**RESPONSE:**

**REQUEST NO. 12:** Inquiries and responses to state driving agencies and prior employers of your driver made pursuant to the Federal Motor Carrier Safety Regulations of the U.S. Department of Transportation, Part 391.23.

**RESPONSE:**

**REQUEST NO. 13:** Inquiries and responses concerning annual reviews of driving records and records of violations regarding your driver, made pursuant to the Federal Motor Carrier Safety Regulations of the U.S. Department of Transportation, Part 391.25 and 391.27.

**RESPONSE:**

**REQUEST NO. 14:** Logs and records commonly known as "Driver's Daily Logs," "MCS-139," "MCS-139A," "grid sheets" or "Driver's Multi-Day Logs," concerning your driver for the period commencing six (6) months prior to the wreck described in the Complaint to and including thirty (30) days after the date of the wreck described in the Complaint.

**RESPONSE:**

9

**REQUEST NO. 15:** Results of all drug and alcohol tests administered to your driver since the beginning of his/her employment to the current date.

**RESPONSE:**

**REQUEST NO. 16:** Any and all results of any random, "reasonable cause," pre-employment, biennial, and post-accident drug and alcohol testing.

**RESPONSE:**

**REQUEST NO. 17:** A copy of any Accident Register or master ledger of accidents which you maintain. Plaintiff seeks all such registers for the three years immediately prior to this wreck through and including the date of said wreck.

**RESPONSE:**

**REQUEST NO. 18:** Any and all call-in reports or "accident call records" generated pertaining to this wreck.

**RESPONSE:**

**REQUEST NO. 19:** The original raw data and copies of any and all printouts of any on-board recording device, an on-board computer, tachograph, trip monitor, trip recorder, trip master, or device known by any other name which records information concerning the operation of the truck for the period commencing 30 days before the wreck through and including 10 days after the wreck.

**RESPONSE:**

**REQUEST NO. 20:** Copies of any and all daily vehicle inspection reports concerning the subject vehicle involved in the wreck for the 60 days prior to the wreck, through and including the 10 days after the wreck.

**RESPONSE:**

10

**REQUEST NO. 21:** Copies of the complete maintenance records for your vehicle involved in this wreck for the 6 months prior to and including the wreck.

**RESPONSE:**

**REQUEST NO. 22:** Copies of all lease, rental and/or other agreements regarding the vehicle and/or the driver involved in the present collision which may have been applicable at the time of the present collision.

**RESPONSE:**

**REQUEST NO. 23:** Any and all of your driver's fuel receipts, toll receipts, comdata receipts, comdata reports, food receipts, checks, drafts, daily trip reports, payroll records, payroll work sheets and all other driving reports prepared by or about your driver for the period commencing 6 months prior to the collision to 30 days after the collision.

**RESPONSE:**

**REQUEST NO. 24:** Copies of any and all DOT and State agency reviews of your company for the period commencing 10 years prior to this collision, to the present time.

**RESPONSE:**

**REQUEST NO. 25:** All records showing any and all payments associated with all lease, rental and other agreements identified in response to the preceding request, from January 1, 2010 to present.

**RESPONSE:**

**REQUEST NO. 26:** Copies of the title and latest tag receipt for the vehicles involved in the present collision.

**RESPONSE:**

11

**REQUEST NO. 27:** Copies of all documents, correspondence, and reports sent to or received from any federal, state, or local regulatory agency pertaining to this wreck.

**RESPONSE:**

**REQUEST NO. 28:** Copies of any documents or writings which you contend support any contention that this wreck was the fault of any other person or entity.

**RESPONSE:**

**REQUEST NO. 29:** A copy of all documents showing your authority to operate your vehicles through the State of Kentucky (such as an I.C.C. permit or Certificate of Public Necessity and Convenience) and your permit to operate pursuant to the Interstate Commerce Commission rules.

**RESPONSE:**

**REQUEST NO. 30:** Complete copies of each and every insuring agreement, bond or reinsurance agreement, along with all declaration's pages, amendments, endorsements, and changes to the policies identified in response to the foregoing interrogatories.

**RESPONSE:**

**REQUEST NO. 31:** Copies of all driver's manuals, company manuals, and other materials pertaining to company, federal, or state rules, in effect at the time of the wreck described in Plaintiff's Complaint.

**RESPONSE:**

**REQUEST NO. 32:** Copies of all bi-annual medical reviews for your driver for the last ten years.

**RESPONSE:**

**REQUEST NO. 33:** Produce a complete copy of the personnel file of Roger Ouellet including all medical information and a copy of Roger Ouellet's employment contract(s) that is/are in the possession of Transportation Roger Ouellet, Inc., or its predecessors in interest.

12

**RESPONSE:**

**REQUEST NO. 34:** Any and all documents not otherwise requested herein that Transportation

Roger Ouellet, Inc. is suggested or required to maintain, file, or otherwise generate pursuant to its

obligations under the MCSA.

**RESPONSE:**

Respectfully submitted,

**DIXIE LAW GROUP, PSC**

/s/ John M. Ritter

Justin B. May, Esq.
John M. Ritter, Esq.
4919 Dixie Highway
Suite B
Louisville, KY 40216
jmay@dixielawgroup.com
jritter@dixielawgroup.com
(502) 290-2397 - Telephone
(502) 449-9774 - Fax
*Counsel for Plaintiff*

13

## EXHIBIT A

## INSTRUCTIONS AND DEFINITIONS

A. "Plaintiff" as used herein refers to Plaintiff Treva Overstreet.

B. The term "Collision" is used to designate that event or events which the Plaintiff alleges occurred and which the Plaintiff claims gave rise to the claim in this lawsuit against the Defendant, specifically the motor vehicle collision occurring on or about 06/26/2019, on Nashville Road in Simpson County, Kentucky.

C. "You" or "Your" shall refer to Defendant Transportation Roger Ouellet, Inc. and all of its respective agents, representatives, assigns, or anyone acting on its behalf, including all lawyers, investigators, insurance companies, or other such parties.

D. As used herein, a request to "identify" a writing or document shall be deemed as a request to furnish a description of the document, including its subject matter, the names of the parties who prepared and received it, its date, and any identifying number or code, and to furnish the name of the present custodian of the document. In lieu of identifying a document in the detail requested, a copy of the document may be attached to the answers of these Interrogatories, provided that any of the aforementioned identifying information not appearing of the face of the document is specifically stated in the answers.

E. As used herein, a request to "identify" a natural person shall be deemed as a request for that person's name, current resident address and telephone number, and the name, current resident address and telephone number of that person's current employer or business if known.

F. As described herein, the term "describe in detail" means describe fully by reference to the underlying facts and particularize as to date, place and the identity of the persons involved.

14

Case 1:22-cv-00018-GNS   Document 1-2   Filed 02/22/22   Page 45 of 49 PageID #: 53

G. All information is to be divulged in writing, under oath, which is in your possession or control, or within the possession or control of your attorney, investigators, agents, employees, or other representatives of you or your attorney or insurance company.

H. You are reminded that all answers must be made separately and fully and that an incomplete or evasive answer is tantamount to a failure to answer.

I. You are under a continuing duty to seasonably supplement your responses with respect to any question directly addressed to you, and to correct any responses which you know or later learn is incorrect.

J. The term "document" or "documents" as hereinafter used in these interrogatories is meant to coincide with the use of that term in Rule 34.01 of the Kentucky Rules of Civil Procedures for the Superior Court, State of Kentucky, and is intended to include all written or graphic material, however produced or reproduced, of every kind and description, including, but not limited to, the original and any copy, regardless of origin or location, of any applications, resumes, job postings, contracts, leases, agreements, checks checkbooks, check stubs, check statements, bank statements, deposit slips, journals, general and subsidiary ledgers, other types of ledgers, accounts, bills, promissory notes, invoices, punch cards, purchase orders, acknowledgments, authorizations, sales slips, receipts, shipping papers, letters or other forms of correspondence, envelopes, folders or similar containers, communications, studies, summaries, minutes, minute books, agenda, bulletins, notices, announcements, proofs, sheets instructions, manuals, lists, visitor's log, schedules, price list, telegraphs, sketches, plan, specifications diagrams, drafts, records, formal records, desk calendars, notebooks, diaries, registers, appointment books, budgets, analyses, projections, minutes or meetings, conferences or discussions of any kind, tax

15

returns, books, pamphlets, periodicals, letters, memoranda, email, reports, records, studies, notes (whether typewritten, handwritten or otherwise), maps, drawings, working papers, papers, graphs, indexes, tapes, data sheets, computer print-outs, any other printout sheets, intranet, photographs, movies or any other printed, written, electronic, computer-generated, computer-stored, recorded, transcribed, filmed, photographic or graphic matter, however produced or reproduced or stored, to which you have or have had any access. This includes hard copies and electronically stored information.

K. If no printout exists of a computer record which contains any of the information requested in these Interrogatories or Requests for Production, you are requested to print out the computer record and produce the hard copy.

L. You are instructed to produce electronic documents and records (including emails or other computer files) in native format, or in a format that is text-searchable that is agreed upon by the parties prior to Your production of such materials. If no format is agreed upon, you are instructed to produce documents as text-searchable multi-page pdf files.

M. You are instructed to produce native files for any spreadsheet responsive to these Requests, including any excel spreadsheets.

N. These Requests shall be deemed continuing, and knowledge of the attorneys for You or any of Your agents or employees shall be deemed to be the knowledge of Defendant. Anything coming to Your knowledge after filing answers to these Requests which would change Your original answers should be contained in a supplemental Answer and served upon Plaintiff's attorney immediately after the same is brought to your attention.

16

O. Objections to any of these Requests should be explained with particularity, and all factual and legal reasons supporting the objections are to be listed. If you object to answering any part of any interrogatory, specify the part to which you object, and answer the remainder.

P. If any document is withheld under a claim of privilege, furnish a list which identifies each document for which a privilege is claimed, including the following information:

    a.  The date of the document;

    b.  The sender;

    c.  The recipient;

    d.  The person to whom copies were furnished along with his or her job title;

    e.  The subject matter of the document;

    f.  The basis upon which the privilege is claimed; and

    g.  The paragraph of these Interrogatories to which said documents respond.

17

## **VERIFICATION**

Comes now the Defendant, Transport Roger Ouellet, Inc., and states that the information provided in its Answers to the Plaintiff's First Set of Interrogatories, Request for Production, and Request for Admission is true to the best of knowledge and belief.

_____
Transport Roger Ouellet, Inc.

STATE OF KENTUCKY

COUNTY OF _____

SUBSCRIBED, SWORN TO AND ACKNOWLEDGED before me by the said _____ this _____ day of _____, 20___.

_____
NOTARY PUBLIC - State at Large

My Commission Expires: _____

18

### CERTIFICATE OF SERVICE

I hereby certify that the foregoing Plaintiff's First Set of Interrogatories and Requests for Production of Documents to Defendant Transport Roger Ouellet, Inc. was electronically filed for service with the Complaint in this action.

/s/ John M. Ritter
John M. Ritter

19